73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Theresa BIRKLID, et vir.; Von Bui, et vir.; Shane Michael
Collins, et ux.; Wilma Mae Ebhard, et vir.; Karin Christel
Fleckenstein, et vir.; Joseph Manuel Gonzales, et ux.;
Heidi Marie Guevara; Deanna Henry; Joann Marie Johnson, et
vir.; Beverly Jean McCormick; Ronald Hugh Palmer; Bonnie
Faye Schrum, et vir.; Kathleen A. Torres, et vir.; Rory
Alan Wintersteen, Plaintiffs-Appellants,
v.
The BOEING COMPANY, a Washington corporation; Ferro
Corporation, an Ohio corporation, Defendants-Appellees.
 No. 93-35965.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Submission Withdrawn Dec. 1, 1994.
Resubmitted Dec. 11, 1994.
Decided Dec. 22, 1995.
 
 Before: WOOD,* HUG, and CANBY, Circuit Judges.
 MEMORANDUM**
 The plaintiffs in this case are present or former employees of the Boeing Corporation, who contend that they suffered injuries resulting from their ongoing exposure to a toxic chemical in the workplace. Before the district court, Boeing prevailed on a motion for summary judgment on the ground that the plaintiffs' claims are precluded by the provisions of the Industrial Insurance Act, RCW 51.04.010. In opposition to Boeing's motion for summary judgment, plaintiffs contended that their claims are exempt from the exclusive remedy provision of that act because, pursuant to RCW 51.04.020, the injuries resulted from the "deliberate intention" of Boeing to produce the injuries. The plaintiffs also contended that the evidence they produced would justify an exemption because Boeing's conduct constituted the tort of outrageous conduct. The district court granted summary judgment for Boeing on all counts.
 On February 6, 1995, this court, upon determining that unanswered questions of Washington state law were determinative of this appeal, certified two questions to the Washington Supreme Court. The answers provided by the Washington Supreme Court, see Birklid v. Boeing Co., 904 P.2d 278 (Wash.1995) (en banc), establish that summary judgment on the plaintiffs' claims was inappropriate. We therefore reverse the entry of summary judgment and remand the case to the district court for proceedings consistent with the opinion of the Washington Supreme Court.
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3